IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

KIMBERLY ROGERS                                                                           PLAINTIFF

V.                                                                    CIVIL ACTION NO. 1:09CV33-B-D

MISSISSIPPI UNIVERSITY FOR WOMEN                                                          DEFENDANT

**MEMORANDUM OPINION**

This cause comes before the court upon the defendant's motion for summary judgment. Upon due consideration of the motion, response, exhibits, and supporting and opposing authority, the court is ready to rule.

Factual and Procedural Background

The plaintiff, Kimberly Rogers, is a former student in the graduate nursing program at Mississippi University for Women ("MUW"). Graduate nursing students at MUW are required to spend three semesters working in a clinical environment under the direction of a nurse practitioner or physician. This supervisor is known as a "preceptor." The students receive a grade for their work in the clinic and must successfully complete the program in order to receive a master's degree as a nurse practitioner. Rogers did her clinical work at the Tensas Community Health Center ("Tensas") in St. Joseph, Louisiana. Her preceptor was JoAnn Meche.

On June 21, 2007, Rogers saw an out-of-state patient at the clinic without Meche's approval and, though not authorized to do so, prescribed a narcotic, Lortab, an anti-psychotic medicine, Elavil, and a muscle relaxant, Soma. Rogers indicated on the patient's chart, however, that she had prescribed only Mobic, an anti-arthritic medicine.

Later that same day, Meche reviewed the patients' charts and noticed that Rogers had seen this patient without her approval and that Rogers had prescribed Mobic without consulting

Meche. Meche called the pharmacist to determine if the Mobic prescription had been filled and learned that the pharmacist had filled the three prescriptions that Rogers had prescribed. When Meche asked Rogers about prescribing medication to the patient, Rogers first said she only prescribed Mobic, but when confronted with the information from the pharmacist, Rogers admitted that she had prescribed the other medications.

Meche advised Rogers that she would inform MUW of Rogers' actions if Rogers failed to do so. On June 25, Rogers told Sueanne Davidson, an instructor in the MUW graduate nursing program, of her actions at the clinic. Rogers again admitted her actions in a meeting with Dr. Patsy Smyth, department chair of the MUW graduate nursing program, and Sheila Adams, Dean of the College of Nursing and Speech-Language Pathology at MUW. On June 27, Smyth formally notified Rogers that she was dismissed from the program. In the dismissal letter, Smyth stated that Rogers' conduct "was a clinical safety issue that was so serious there was no alternative" to dismissal. MUW asserts that Rogers violated the academic honesty policy set forth in the graduate nursing student handbook and that the consequences for such a violation include expulsion from the program.

Rogers subsequently retained an attorney and invoked the MUW student grievance procedure. After hearing the positions of both sides, the grievance committee unanimously upheld the decision of the College of Nursing to dismiss Rogers. The university president affirmed the committee's decision on October 11, 2007.

Rogers filed a notice of claim under the Mississippi Tort Claims Act on June 23, 2008, and filed suit in the Circuit Court of Lowndes County, Mississippi, on October 10, 2008, asserting claims against MUW for tortious breach of contract and for making false allegations

against her. The defendant removed the case to this court on February 10, 2009, and has now moved for summary judgment on all claims.

## Standard of Review

A party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). On a motion for summary judgment, the movant has the initial burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S. Ct. 2548, 2554, 91 L. Ed. 2d 265 (1986). If the movant makes such a showing, the burden then shifts to the non-movant to "go beyond the pleadings and by . . . affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp.*, 477 U.S. at 324, 106 S. Ct. at 2553, 91 L. Ed. 2d at 274 (quoting Fed. R. Civ. P. 56(c), 56(e)). Before finding that no genuine issue for trial exists, the court must first be satisfied that no rational trier of fact could find for the non-movant. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538, 552 (1986).

## Analysis

It is undisputed that a contract existed between MUW and Rogers. As the Mississippi Supreme Court stated in *University of Miss. Med. Center v. Hughes*, 765 So. 2d 528, 535 (Miss. 2000), "It is the conclusion of this court, in keeping with the law of sister jurisdictions, that . . . the student-university relationship is contractual in nature." The *Hughes* court found "that the terms of the contract may be derived from a student handbook, catalog, or other statement of

3

university policy." *Id.* at 534. The court further noted that "[i]mplicit in a student's educational contract with the University is the duty of the student to comply with the University's rules and regulations." *Id.* at 535.

Rogers contends in her affidavit that in prescribing the medication for the patient at Tensas she "simply engaged in a course of conduct that was the normal operating procedure for that particular rural facility." She sets forth no evidence in support of this position, however, beyond this self-serving, conclusory allegation. Assuming arguendo that her assertion is correct, the court finds that such evidence in support of the assertion should have been readily attainable. An affidavit or deposition testimony from a physician at a rural healthcare facility or other third parties adopting the plaintiff's assertion could have helped Rogers survive summary judgment. Once the defendant has met its Rule 56(c) burden, as MUW has done here, the nonmovant cannot survive summary judgment by resting on the mere allegations of her pleading. *Duffie v. U.S.*, 600 F.3d 362, 371 (5th Cir. 2010). "[A] party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or 'only a scintilla of evidence.'" *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 399 (5th Cir. 2008) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)).

Rogers does not contest that she prescribed a narcotic without authority, falsified the patient's chart, and initially misled her supervisor about the matter. The court has reviewed MUW's academic honesty policy as outlined in the student handbook which was attached as an exhibit to the defendant's motion, and it is clear that the plaintiff's actions violate the policy. Further, section 6.01 of the handbook provides that "the consequences for academic dishonesty

4

will be set as either a failure in the course in which the violation occurred or expulsion from the University."

As addressed above, it is well-settled that a student handbook may establish the terms of a student-university contractual relationship. Because the handbook in this case provides for expulsion when a graduate student violates the academic honesty policy, the plaintiff is unable to show that MUW breached her contract at all – much less in a "tortious" manner, which requires "some intentional wrong, insult, abuse, or negligence so gross as to constitute an independent tort." *Robinson v. Southern Farm Bureau Cas. Co.*, 915 So. 2d 516, 520 (Miss. App. 2005) (quoting *Wilson v. Gen. Motors Acceptance Corp.*, 883 So. 2d 56, 66 (Miss. 2004)). Rogers' claim for tortious breach of contract must fail.

Rogers has also failed to set forth any evidence that MUW faculty made false statements against her. The record reveals that faculty members simply stated what Rogers has repeatedly admitted doing. This claim is therefore without merit.

## Conclusion

The plaintiff has failed to show a genuine issue of material fact in this case. As a result, the defendant's motion for summary judgment is well taken and shall be granted. A separate order in accord with this opinion shall issue this day.

This, the 30th day of June, 2010.

>   */s/ Neal Biggers*
>   **NEAL B. BIGGERS, JR.**
>   **SENIOR U.S. DISTRICT JUDGE**